Raymond WRIGHT, Plaintiff-Appellant,

v.

John GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 16982.

United States Court of Appeals
Seventh Circuit.

Dec. 4, 1968.

David L. Matthews, Robert D. Lee, South Bend, Ind., for appellant.

Leonard Schaitman, John C. Eldridge, Kathryn H. Baldwin, Department of Justice, Washington, D. C., Edwin L. Weisl, Jr., Asst. Atty. Gen., Alfred W. Moellering, U. S. Atty., Washington, D. C., for appellee.

Before SWYGERT, CUMMINGS and KERNER, Circuit Judges.

PER CURIAM.

The plaintiff, Raymond Wright, filed an application for disability insurance benefits under the Social Security Act, claiming inability to work since March 1, 1965, at age 36, because of "loss of use of left arm" and diabetes. The hearing examiner, after a hearing, found that the plaintiff was disabled within the meaning of the Act from March 1, 1965 through June 16, 1966, but not thereafter. Upon reconsideration of the entire record, the Appeals Council of the Social Security Administration affirmed the examiner's findings and determined that the plaintiff was entitled to benefits through August 1966, but not thereafter. The action of the Appeals Council became the final decision of the Secretary of Health, Education and Welfare.

Upon a petition to review the Secretary's decision, the district court granted the Secretary's motion for summary judgment on the ground that the administrative decision was supported by substantial evidence. From that judgment, the plaintiff has appealed to this court. We affirm the judgment of the district court.

Substantial evidence upon the record as a whole supports the examiner's findings that plaintiff's only significant impairment is that of his left

arm which was injured as the result of an explosion occurring while plaintiff was working on March 1, 1965. The Appeals Council found that although the plaintiff had almost entirely lost the use of his left arm and hand, his impairments did not preclude him from engaging in some light activities which the Council found are reasonably available to the plaintiff in the local economy. Substantial evidence in the record also supports this finding.

 The plaintiff's principal contention is that because of the hiring practices of employers within a reasonable distance from his residence, he would not in fact be hired for any light work which he can perform. The 1967 Amendments to the Social Security Act make it clear, however, that a claimant for insurance benefits under the Act is not disabled within the meaning of the statute merely because he would not actually be hired for such work. · Section 158(b) of the 1967 Amendments, 42 U.S.C.A. 423(d) (2) (A) (Supp. Feb. 1968), provides:

> [That a claimant] shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, *regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.* For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country. (Emphasis added.)

The record in this case presents the picture of a man, who, although handicapped by the loss of the use of his left arm, is otherwise without significant im-

pairment. Moreover, the record as a whole supports the Secretary's determination that the plaintiff was not disabled within the meaning of the Act after June 16, 1966.

The judgment of the district court is affirmed.