**William GENTILE, Plaintiff,**

**v.**

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

Civ. A. No. 67–1163.

United States District Court
W. D. Pennsylvania.

Feb. 26, 1969.

Ralph J. Talarigo, Portage, Pa., for plaintiff.

Gustave Diamond, U. S. Atty., by John H. Bingler, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, District Judge.

On December 20, 1965, plaintiff filed with the Social Security Administration an application for a period of disability under § 216(i) of the Social Security Act, as amended, 42 U.S.C. § 416(i), and for disability insurance benefits under § 223 of the Act, as amended, 42 U.S.C. § 423, alleging that he first became unable to engage in any substantial gainful activity on January 9, 1962. His claims were denied by the Evaluation and Authorization Branch and by the Division of Reconsideration, Bureau of Disability Insurance of the said Administration, and at plaintiff's request a hearing was had before a hearing examiner of the Bureau of Hearings and Appeals who also denied plaintiff's claims. On June 30, 1967, the Appeals Council of the Social Security Administration advised plaintiff that his request for review by it of the hearing examiner's decision was denied; whereupon, pursuant to § 205(g) of the Act, as amended, 42 U.S.C. § 405(g), plaintiff commenced this action to obtain a judicial review of the decision of the Secretary denying plaintiff's claim.

■ On defendant's motion, the court, pursuant to § 205(g) of the Act, remanded the case to the Secretary for further action on December 26, 1967.[1] Another hearing was held, and the hearing examiner recommended that the Appeals Council deny plaintiff's claims. This recommendation was adopted by the Appeals Council, and it became the final decision of the Secretary under § 205 of the Act. See: Hodgson v. Celebrezze, 312 F.2d 260, 261 (3d Cir. 1963). The Secretary[2] then requested that the civil action be reopened, and his answer to plaintiff's complaint was filed. With his answer, defendant filed a certified copy of the transcript of the record of proceedings before the Social Security Administration in compliance with § 205 (g) of the Act, supra, and subsequently moved for summary judgment.

■ Section 205(g), supra, provides in its pertinent part as follows:

"As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Under § 205(g) and under the Administrative Procedure Act, 5 U.S.C. § 1001 et seq., we are limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957); Ferenz v. Folsom, 237 F.2d 46 (3d Cir. 1956). And while "in discharging that duty we must keep in mind * * * that 'courts must now assume more responsibility for the reasonableness and fairness' of decisions of federal agencies * * *", Goldman v. Folsom, supra, 246 F.2d p. 778, citing Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), we "may not substitute * * * [our] inferences for those of the referee which are supported by substantial evidence." Ferenz v. Folsom, supra, 237 F.2d p. 49, citing, inter alia, Livingstone v. Folsom, 234 F.2d 75 (3d Cir. 1956). "Our judicial duty therefore is to satisfy ourselves that the agency determination has warrant in the record, viewing that record as a whole, and a reasonable basis in law. [Citations omitted.]" Boyd v. Folsom, 257 F.2d 778, 781 (3d Cir. 1958). See also, Braun v. Ribicoff, 292 F.2d 354, 357 (3d Cir. 1961).

■ The plaintiff last met the earnings requirements of the Act on June 30, 1964.[3] Therefore, the Social Security Administration could have awarded disability benefits to plaintiff only if he proved that he was disabled on or before that date.

■ The record discloses that two other disability benefits applications were filed by plaintiff and denied after hearings by the Administration. The second of these was filed on April 1, 1964. After initial administrative de-

1. An order remanding a Social Security case to the Secretary for further proceedings is interlocutory. Marshall v. Celebrezze, 351 F.2d 467 (3d Cir. 1965); Mayersky v. Celebrezze, 353 F.2d 89 (3d Cir. 1965).

2. Subsection 205(g) of the Act, as amended September 13, 1960, Pub.L. 86–778, § 702(a), 74 Stat. 924, provides: "Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in such office." 42 U.S.C. § 405(g).

3. During the 40-quarter period of July, 1954, through June, 1964, plaintiff had 20 quarters of coverage as required by § 216(i) of the Act, as amended, 42 U.S.C. § 416(i)(3)(B)(i).

nials and an adverse ruling by a hearing examiner, plaintiff requested a review by the Appeals Council. The request was denied on June 15, 1965. Since plaintiff did not institute an action in the District Court within the prescribed time, the Appeals Council's decision became final. Subsection 205(h) of the Act provides that:

"The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. * * *" 42 U.S.C. § 405(h).

Thus, the Appeals Council's decision is final and has a *res judicata* effect on plaintiff's present Social Security claim insofar as it relates to an alleged disability which existed on or prior to March 31, 1964, the day before his second application. Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954); Moore v. Celebrezze, 252 F.Supp. 593 (E.D.Pa. 1966), aff'd *per curiam,* 376 F.2d 850 (3d Cir. 1967).

■ With regard to the current application: " '[T]he test for disability consists of two parts: (1) a determination of the extent of the applicant's physical or mental impairment, and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity.' " Bujnovsky v. Celebrezze, 343 F.2d 868, 870 (3d Cir. 1965); Janek v. Celebrezze, 336 F.2d 828, 833 (3d Cir. 1964); Hodgson v. Celebrezze, supra, 312 F.2d at p. 263; Klimaszewski v. Flemming, 176 F.Supp. 927, 931 (E.D.Pa.1959).

Section 223(d) of the Act, 42 U.S.C. § 423(d), as added by the "Social Security Amendments of 1967", § 158(b), 81 Stat. 868, defines "disability" for purposes of governing disability insurance benefits as follows:

"(d) (1) The term 'disability' means

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

" * * *

"(2) For the purposes of paragraph (1) (A)—

"(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

" * * *

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

" * * *

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require.

" * * *"

The definition of "disability" under § 216(i) (1) of the Act, 42 U.S.C. § 416(i) (1), as amended by § 158(d), 81 Stat. 869, is the same.

The above amendments, approved January 2, 1968, are made applicable to the present case by § 158(e), 81 Stat. 869, which provides that the amendments "shall be effective with respect to applications for disability insurance benefits under section 223 of the Social Security Act, and for disability determinations under section 216(i) of such Act", where the decision in a civil action commenced under § 205(g) has not become final before the month of their enactment.

 We have reviewed the record upon which the Appeals Council based its decision and conclude that on the record as a whole, the Secretary's decision that the plaintiff is not precluded from engaging in any substantial gainful activity is not supported by substantial evidence as that term is defined by the Supreme Court of the United States in the case of National Labor Relations Board v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939):

"Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. 'It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' * * * and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

The hearing examiner's findings of fact, which were adopted by the Appeals Council, were:

"* * * *

"(2) During the crucial period ending June 30, 1964, claimant had anthracosilicosis with a moderately severe obstructive ventilatory defect, mild depression, and no credible evidence of any musculoskeletal or cardiac condition. During the aforementioned crucial period, claimant could not engage in arduous physical activity or in any environment with high dust or chemical fume concentrations or frequent changes from a warm room to a cold room. He could engage in sustained sedentary, light, and moderate activities, 8 hours a day, which did not involve lifting of objects in excess of 20 pounds, frequent lifting of objects 20 pounds or under, or considerable rapid moving about. Claimant could alternately sit 50% of the time and stand 50% of the time in the operation of a machine within the above limitations.

"(3) Claimant could perform the jobs cited by the vocational expert, which jobs existed in significant numbers in the national economy, i. e. the region of claimant's residence or in several regions of the country.

"* * * *."⁴ (R., pp. 24–25.)

He concluded that:

"(5) The claimant was not under a 'disability,' as defined in the Act, at any time when he met the special earnings requirement and which 'disability' continued thereafter." (R., p. 25.)

The first of his findings was supported by substantial evidence. The overwhelming weight of the medical evidence supports the conclusion that plaintiff suffered from anthracosilicosis which resulted in a moderately severe obstructive ventilatory defect on and before June 30, 1964. All of the medical reports which deal with plaintiff's lung condition contain diagnoses of a lung disorder, although the disorder is variously characterized as emphysema, silicosis and pneumoconiosis. None of these reports contains a finding that plaintiff's lungs are not impaired. There is also substantial evidence of mild depression, although this seems inconsequential in

---

4. The findings in each of the other hearings were essentially the same.

the light of the report of the only psychiatrist who examined plaintiff. This physician, Frank A. Chianese, M.D., reported that:

"Although there may be some elements of mild depression here, they certainly are not of sufficient proportions as to prevent him from being involved in gainful employment, nor do I feel that he is in need of psychiatric treatment at the present time." (R., p. 415.)

Implicit in the findings of the Appeals Council is a finding that plaintiff was not capable of engaging in his prior occupations. There is no dispute that plaintiff's only work experience was as a coal miner (20 years), helper in a steel mill (seven weeks), construction worker (three weeks) and on relief projects (six to nine months, three days per week). None of these occupations was sedentary, light or moderate. Also, the vocational consultant testified that plaintiff could not perform his old jobs. Therefore, we infer that the Secretary's findings include a finding that plaintiff was disabled from performing his prior occupations.

■ Plaintiff having met his burden of proof of disability to engage in his prior occupations, the burden shifted to the Secretary to prove that other jobs, which were within plaintiff's competence, were available to him. Baker v. Gardner, 362 F.2d 864, 868 (3d Cir. 1966); Bujnovsky v. Celebrezze, *supra*, 343 F.2d at p. 871. In order to meet his burden of proof, the Secretary must prove that there existed reasonable employment opportunities for plaintiff. In discussing the Secretary's burden of proof, the Court of Appeals for the Third Circuit has said:

"Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity

for this is available." Janek v. Celebrezze, supra, 336 F.2d at p. 833.

Whether a reasonable opportunity existed is to be determined in the light of the claimant's impairments, age, education, training, work experience, and the labor market. Bujnovsky v. Celebrezze, *supra.* Cf. Janek v. Celebrezze, *supra;* Hodgson v. Celebrezze, *supra.*

The law in these respects has not been changed by the 1967 amendments to the Act. See: Huffman v. Gardner, 292 F.Supp. 331, 333 (D.Or.1968). *Cf.* Wright v. Gardner, 403 F.2d 646 (7th Cir. 1968); Flake v. Gardner, 399 F.2d 532 (9th Cir. 1968).

■ Although the evidence supports a conclusion that plaintiff was capable of performing sedentary, light or moderate work, the issue is whether in 1964 he had a reasonable opportunity to secure such employment on a substantial basis. There was no finding by the Secretary on this factual issue. Nor was there any evidence, substantial or otherwise, which might support a finding that the plaintiff had such an opportunity. On the contrary, the only evidence relating to whether plaintiff had a "reasonable opportunity" to secure substantial gainful employment was to the effect that in 1964 he was unemployable. The vocational witness, after having testified that certain jobs which were within plaintiff's competence existed within a 50–60 mile area of plaintiff's residence in 1964, testified that a prospective employer of plaintiff would request a report from plaintiff's family physician. Assuming that the family physician would not alter his diagnosis from that contained in his report,[5] the vocational consultant stated that no employer would hire plaintiff (R., p. 250).

Such a conclusion is consistent with the record. Plaintiff's formal education ended at age 16 when he unsuccessfully completed eighth grade. He then went to work in the coal mines. Although the plaintiff was only 41 years of age in

---

5. The report of Dr. Eperjessy, plaintiff's consulting physician, contains findings of anthracosilicosis and reactive depression.

1964, by 1958, he had spent 20 years in the mines. During much of this time, he operated a cutting machine. This operation involves a great deal of exposure to coal and silica dust. Thus it is not surprising that at age 41 plaintiff had second stage anthracosilicosis. When the mine in which plaintiff had been working was shut down in 1958, he became unemployed and has remained so with the exception of the brief employment noted above. He has no other skills or training. In 1964 plaintiff was admittedly incapable of performing the only occupation for which he was trained —coal mining, and he was found by the Pennsylvania Workmen's Compensation Board to be totally disabled due to anthracosilicosis as of January 9, 1962.

The Secretary having failed to produce any evidence that plaintiff had a reasonable opportunity to engage in any substantial gainful activity, we hold that his conclusion that plaintiff is not disabled within the meaning of the Social Security Act is not supported by substantial evidence and his decision must be reversed.

An appropriate order will be entered.