Edward G. **GRUBICH**

v.

Elliot **RICHARDSON**, Secretary of Health, Education and Welfare.

Civ. A. No. 72–746.

United States District Court,
W. D. Pennsylvania.

July 13, 1973.

John G. Eidemueller, Jr., Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for Elliot Richardson, Sec. of HEW.

## OPINION AND ORDER

GOURLEY, District Judge.

This Complaint has been filed to obtain review of a final decision of the Secretary of Health, Education, and Welfare denying plaintiff disability benefits under the Social Security Act, 42 U.S.C.A. § 405(g). The immediate matter before the Court is defendant's Motion for Summary Judgment.

Based on a review of the record as a whole and the briefs of counsel, the Court must conclude that substantial evidence to support the denial of disability benefits does not exist. Gentile v. Finch, 423 F.2d 244 (3d Cir. 1970). Accordingly, the defendant's Motion should be denied.

The record reveals that plaintiff, born May 11, 1926, attended two and a half years of high school and has held various jobs including crane hook-up man, automatic threading machine operator, and crane operator. Plaintiff's disabilities include a partial paralysis of the face, dizziness, nausea, and loss of equilibrium. Unquestionably these disabilities preclude his returning to any previously held occupation.

However, there is a lack of substantial evidence to support defendant's determination due to the absence of unequivocal testimony that jobs are available in the plaintiff's immediate area which he could perform. When questioned regarding plaintiff's chances for being hired, the vocational expert replied that only a limited number of openings existed for which plaintiff would be suitable. However, this does not comport with the requirement that there be jobs available in plaintiff's immediate area. In this regard, the United States Court of Appeals for the Third Circuit has stated:

"Testimony on the existence of such work opportunity at the time in question was slight and rather unclear. More important, the hearing examiner's decision contained no finding whatever as to the existence of any relevant time and place of work opportunities such as the allegedly disabled claimant was physically and mentally competent to fill.

"Section 223(d) places harsh limitations upon the eligibility for disability benefits of persons whose physical ability to work is seriously impaired and whose chance of obtaining employment may be nil. See Gentile v. Finch, 3d Cir. 1970, 423 F.2d 244, 248. We think it is not too much to require that an administrative decision that a claimant is not eligible because of the restrictions imposed by that section be supported by explicit findings of all facts that are essential to the conclusion of ineligibility. The absence of a finding that jobs which the present claimant was able to perform existed in significant numbers in a specified

region at the relevant time invalidates the administrative decision against the appellant's claim." Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971).

Accordingly, this proceeding should be remanded to allow presentation of more definite testimony regarding where job openings are and the nature of the work involved, and whether plaintiff, considering his disabilities, would be capable of performing such jobs.

An appropriate Order is entered.