George S. STANEK

v.

Elliot RICHARDSON, Secretary of
Health, Education and Welfare.

Civ. A. No. 72–1102.

United States District Court,
W. D. Pennsylvania.

July 24, 1973.

Swope & Swope, Ebensburg, Pa., for plaintiff.

U. S. Atty. Richard L. Thornburgh, for defendant.

### OPINION AND ORDER

GOURLEY, Senior District Judge.

This Complaint has been filed to obtain review of a final decision of the Secretary of Health, Education and Welfare denying plaintiff disability benefits under the Social Security Act, 42 U.S.C.A. § 405(g). The immediate matter before the Court is defendant's Motion for Summary Judgment.

The rules of law are firm and definite that the decision of the Secretary must be affirmed if substantial evidence exists to support the denial of disability benefits. Gentile v. Finch, 423 F.2d 244 (3d Cir. 1970). Substantial evidence exists whenever there is relevant evidence which a reasonable mind can accept as adequately supporting a particular conclusion. Consolo v. Federal Maritime Commission, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). See also Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

It is the considered judgment of this Court that substantial evidence to support the determination of the Secretary is not present and thus the defendant's Motion for Summary Judgment should be denied. In reaching this conclusion the Court has of course examined the record as a whole. Boyd v. Folsom, 257 F.2d 778 (3d Cir. 1958).

The record reflects that plaintiff, whose formal education terminated at the seventh grade level, was born on April 7, 1910. He entered the coal mining industry, where he worked for approximately 40 years, being employed as a coal loader, cutting machine operator, and conveyor operator; and his complete work in life was confined to the type of employment that involved the application of strength and physical effort.

Plaintiff is presently receiving monthly benefits in the form of a miner's pension, benefits for silicosis disability, and regular Social Security benefits but not for disability.

The plaintiff experiences shortness of breath, chest pains, dizziness, difficulty in sleeping, swelling in the ankles, and a phlegm-producing cough. He has arthritis which affects his right side, including his hand, elbow and shoulder; and he has a severe impairment of hearing in the right ear and limited hearing in the left ear. He has experienced a hernia operation which did not completely relieve his problem or strengthen physical capabilities and he has received an Award under the Pennsylvania Occupational Disease Act for a silicosis condition. Plaintiff also experiences complaints which have been diagnosed as pulmonary fibrosis and emphysema. When he walks or engages in any physical activity, the shortness of breath occurs and the discomforts referred to above become aggravated. Almost any kind of activity causes substantial discomfort and distress.

Although the vocational expert has testified that work exists in the area where plaintiff resides, there is no substantial evidence to support the conclusion that the ailments and physical impairments experienced by the plaintiff would be by-passed or not considered by a would-be employer. It is self-evident that the plaintiff would be required to divulge in honesty his physical limitations and the Award which he is receiving in the form of disability payments for a silicosis condition. His physical limitations would cause plaintiff to be hazardous to fellow employees as well as to himself. With the labor market in its present status, it cannot be conceived that an employer would create or make a job available for an individual in the category and classification that plaintiff finds himself.

The Court is well aware that its function is not to review the record *de novo* and substitute its judgment for that of the Social Security authorities. The law under which the claim is presented ". . . is a remedial statute and must be construed liberally. It was not the intention of Congress to impose a test so severe . . . and to exact a condition precedent to the maintenance to a claim the elimination of every possibility of gainful employment." Klimaszewski v. Flemming, 176 F.Supp. 927 (E.D.Pa., 1959).

It is concluded that substantial evidence does not exist in the record to support the claim that the plaintiff can find available work in any of the industries referred to by the vocational expert. In fact, the expert has only testified that certain types of work are available in different industries referred to, but it was not testified in any instance that plaintiff would be able to secure employment in these fields. The examiner apparently concluded that plaintiff would have to first attempt and fail in some form of sedentary activity to establish eligibility for disability benefits. This belief is in error, and it is on this additional basis that the Court is impelled to find no substantial evidence to support the decision of the Secretary. Accordingly, defendant's Motion for Summary Judgment is denied. Davidson v. Gardner, 370 F.2d 803 (6th Cir. 1966).

Findings of fact and conclusions of law have not been separately stated, but are contained in the body of the foregoing Opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.