Gloria **TINKEY**

v.

Caspar **WEINBERGER**, Secretary of Health, Education and Welfare.

Civ. A. No. 74–707.

United States District Court, W. D. Pennsylvania.

March 14, 1975.

The role of this Court is to determine whether substantial evidence exists to support the Secretary's decision that claimant's husband died of a coronary occlusion and that no signs of pneumoconiosis existed which contributed to or brought about his death. If substantial evidence exists supporting the denial of disability benefits, the Secretary's determination must be affirmed. Gentile v. Finch, 423 F.2d 244 (3rd Cir. 1970). Substantial evidence is more than a scintilla and must do more than create a suspicion of the fact to be established. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Based on a review of the record as a whole and the briefs of counsel, the Court is constrained to conclude that substantial evidence to support defendant's determination does not exist. Accordingly, the instant motion should be denied.

This Court is of the opinion that the record does not support a finding that the miner died of a coronary occlusion. A coroner's certificate is only prima facia evidence as to the cause of death. It is subject to contradiction, impeachment, and explanatory testimony after which the fact finder can determine the cause of death. The record in this proceeding is devoid of any qualified testimony relating to this matter. Although the coroner's report was filed and certified by the coroner and the undertaker, neither of said persons were members of the medical profession. Moreover, Dr. Avner, the doctor who pronounced the death of the miner, was not called to testify by either party. Subsequently, there is nothing in the record to indicate what Dr. Avner did or found to support his conclusion that death was due to a coronary occlusion.

In addition, no autopsy was ever performed; no request was ever made to the claimant for any type of medical history of the deceased; no testimony as to the final activities of the deceased or how long thereafter Dr. Avner ar-

Hook & Hook, Waynesburg, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Craig R. McKay, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge:

This is a complaint filed pursuant to the Social Security Act, 42 U.S.C.A. § 405(g) to review a final decision of defendant denying the plaintiff widow's benefits. The immediate matter before the Court is defendant's motion for summary judgment.

rived and pronounced the miner dead was given; and there was failure to produce at the hearing those X-rays of the deceased taken on February 1, 1966, from which two doctors expressed their opinion.

However, the record does reveal that the plaintiff was married to Roy S. Tinkey on December 8, 1946, and remained married to said miner until his death on March 18, 1970. For the past twenty-two years, plaintiff's husband worked as a coal miner performing a number of jobs, both above and underground, including work as a screener and tractor operator. Claimant's husband was employed in the latter position at the time of his death on March 18, 1970.

The claimant alleges that her husband had been totally disabled from pneumoconiosis at the time of his death. To support this claim, testimony was introduced by the claimant that the miner experienced shortness of breath since 1966; that he wheezed and brought up phlegm; that he coughed frequently at night and suffered chest pains; that he had difficulty in sleeping and had to be propped up with pillows; that he exhibited a loss of appetite; that his complexion was an "awful white," and that the claimant noticed that the miner was no longer the active and helpful husband she once knew. The record also contained statements from fellow workers as to the symptoms and physical problems experienced by the deceased for over twenty years, and more particularly during the last few years of his life; and a report from an X-ray taken of the miner's chest revealing a modular density on the lower left lobe. Finally, the claimant submitted a report from Dr. Cyril H. Wecht, who stated, based upon the miner's occupational, medical and social history, it was his opinion that the miner suffered from pneumoconiosis prior to his death. He further commented that pneumoconiosis contributed to the miner's death and had manifested itself through various clinical signs and symptoms for several years preceding the miner's death.

■ The Court is presented with the question as to whether it should make an award in favor of claimant in view of the conclusion that there is not substantial evidence to support the conclusion of the administrative law judge. However, the record is so sparse and replete with conjectural statements without basis that it would be grossly unfair to require the Court to award a claim without additional evidence being submitted by the parties. Accordingly, this proceeding should be remanded to require the personal appearances of doctors (Dr. Gray, Dr. Avner, Dr. Springer, Dr. Tristan, Dr. Gayler, and Dr. Wecht) who gave their medical opinions concerning the deceased's condition so that further necessary evidence may be developed by their testimony and appropriate cross-examination. Also, those persons who last spoke with the deceased and who were present when he died would be required to testify at this new hearing. Moreover, every effort should be made to locate the X-rays taken of the deceased on February 1, 1966, and April 11, 1966, and have them presented at the hearing.

An appropriate Order is entered.

## ORDER

And now, this 14th day of March, 1975, defendant's motion for summary judgment is hereby denied, and the proceeding is remanded with the directive that a new hearing be held consistent with this Opinion.