**Sadie C. DALESIO**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare.**

**Civ. A. No. 74–759.**

United States District Court, W. D. Pennsylvania.

April 4, 1975.

---

Samuel R. Sciullo, Pittsburgh, Pa., for plaintiff.

Craig R. McKay, Asst. U. S. Atty., for defendant.

## OPINION

GOURLEY, Senior District Judge:

This complaint has been filed to obtain a review of a final decision of the Secretary of Health, Education and Welfare denying plaintiff disability benefits under the Social Security Act, 42 U.S.C.A. § 405(g). The immediate matter before the Court is defendant's motion for summary judgment.

■ If substantial evidence exists supporting the denial of disability benefits, the Secretary's determination must be affirmed. Gentile v. Finch, 423 F.2d 244 (3rd Cir., 1970). Having reviewed the entire record, the Court must conclude that there is substantial evidence to support the action taken by defendant, and accordingly defendant's motion should be granted.

Plaintiff filed an application for Social Security retirement insurance benefits and health insurance benefits on October 10, 1972. Plaintiff alleged that she was born on October 7, 1907, and that since a breast operation on March 28, 1972, she has been so disabled she can no longer work. This application was denied because it had been determined that she did not have the requisite eighteen quarters of coverage to be a fully insured individual for purposes of entitlement to retirement insurance benefits under § 202(a) of the Social Security Act, taking into account her date of birth as October 7, 1907; and that she did not have the requisite fifteen quarters of coverage taking into account her date of birth to be entitled health insurance benefits under Title XVIII of the Social Security Act.

Section 202(a) of the Social Security Act provides that every individual who (1) is fully insured; (2) has attained the age of 62; and (3) has filed an application shall be entitled to monthly retirement benefits. Section 214(a) of the Act defines a "fully insured individual" as one who has at least one quarter of coverage for each calendar year after 1950 and prior to the year in which the wage earner attained age 62. Section

226(a) of the Act provides that every individual shall be entitled to hospital insurance benefits who has attained the age 65 and is entitled to retirement insurance benefits under § 202 of the Act.

The claimant contends that she has accumulated 33 quarters of coverage, and not seven quarters as found by the defendant; and, therefore, she feels that the Social Security benefits claimed for are being unjustly denied. The record reveals the following: that claimant babysat for her step-granddaughter two to three nights a week from 1965 to 1973; that said babysitting was performed by claimant until the step-granddaughter was eighteen years of age; that claimant received $40 cash per month for said services; and that according to claimant's representative, although the step-granddaughter was seventeen or eighteen years of age, the child's mother did not like to leave the daughter alone in a house in what was described as a wild community. The record further reveals that the claimant held the position of treasurer in the Uniontown Investment Company from the second quarter of 1967 to date; that the said corporation is a closely held family corporation formed under the laws of the Commonwealth of Pennsylvania; that there are 10,000 shares of common stock, 8,500 shares of which are owned by plaintiff's husband (president), 1,000 shares of which are owned by plaintiff (treasurer), and 500 shares of which are owned by plaintiff's step-daughter (secretary); that the corporation has its headquarters in plaintiff's home and pays a monthly rental of $15 to plaintiff and her husband; that the salaries paid by the corporation to its officers at the time of its formation was $150 per month to the president and $40 per month to the treasurer and secretary; that in 1972 all three officers received $100 per month; that in 1973 the president and treasurer received $50 per month while the secretary continued to receive $100 per month; and that according to plaintiff's representative the equal salaries notwithstanding the disparity of services performed by the president (claimant's representative) and the treasurer (claimant) was attributed to the poor stock market condition.

Finally, the record reveals that claimant's representative, Mr. Dalesio, her husband and the person who testified in claimant's behalf at the hearing, contended that it was unnecessary for his wife to appear and testify to further explain the nature of the services she rendered to her step-granddaughter or where such services had been performed; or what specific services she rendered as treasurer of the Uniontown Investment Company and why her salary as treasurer should have been increased from $40 per month to $100 per month while the admitted guiding force of said corporation and the president thereof had his salary reduced from $150 per month to only $50 per month.

The Court has made a complete and exhaustive review of the record and must conclude that the factual determination made by defendant in denying said medical and retirement benefits are supported by the record. The conclusion is required that the defendant properly excluded those quarters of coverage which the plaintiff claims due her as a result of her babysitting for her step-granddaughter and her working as treasurer in the Uniontown Investment Corporation. In view of the foregoing the Court must conclude that there is substantial evidence to support defendant's determination, and thus defendant's motion for summary judgment should be granted.

### ORDER

And now, this 4th day of April, 1975, defendant's motion for summary judgment is hereby granted. Judgment is hereby entered in favor of defendant, Caspar W. Weinberger, Secretary of Health, Education and Welfare, and against plaintiff, Sadie C. Dalesio.