Raymond TOY

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare.

Civ. A. No. 74-978.

United States District Court,
W. D. Pennsylvania.

May 5, 1975.

Thomas A. Swope, Jr., Ebensburg, Pa., for Toy.

Craig R. McKay, Asst. U. S. Atty., Pittsburgh, Pa., for Weinberger.

## OPINION

GOURLEY, Senior District Judge:

This is a complaint filed pursuant to the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of defendant denying plaintiff disability benefits. The immediate matter before the Court is defendant's motion for summary judgment.

If substantial evidence exists supporting the denial of disability benefits, the Secretary's determination must be affirmed. Gentile v. Finch, 423 F.2d 244 (3d Cir., 1970). Having reviewed the entire record, the Court must conclude that there is substantial evidence to support the action taken by defendant; and accordingly, the defendant's motion should be granted.

The record reveals that plaintiff is 52 years of age and has completed seven years of school. Plaintiff entered the coal mining industry in 1939, where he worked as a hand loader until 1942. From 1942 to 1946, plaintiff served in the United States military where he was wounded and was honorably discharged. Upon his discharge in 1946, plaintiff returned to the coal mining industry and worked as a coal cleaner until sometime in 1948. From that time on plaintiff never returned to the coal mining industry, but performed the jobs as a clerk in a clothing store, inspector, furnace man operator, truck driver, and bartender.

Plaintiff alleges total and permanent disability due to pneumoconiosis. Plaintiff testified to the following conditions: constant chest pains, shortness of breath, difficulty in walking and sleeping, and coughing and spitting up blood. Plaintiff also complained that he wheezes, suffers dizzy spells, and has a tendency to catch colds. At the hearing plaintiff introduced the statement of Dr. Minteer who concluded that the plaintiff is totally and permanently disabled because of pneumoconiosis, coalworker's type, Stage I, pulmonary emphysema, and extensive post-traumatic changes, right lung.

All of these conditions were considered and properly evaluated by defendant not to be disabling and found not to be caused by plaintiff's working in the coal mining industry. Although the record is quite clear that plaintiff suffered severely from illness of the chest and lungs, it is equally apparent that said illnesses were a direct result of his war injury and not from his working in the coal mining industry. Plaintiff, by his own testimony, stated that he had not worked in the coal mines since 1948. Upon his medical discharge from the Army in 1946, plaintiff has constantly been under a physician's care. In fact, as a result of his injuries sustained during the war, the claimant is receiving 100% service-connected disability benefits from the Veterans Administration. In addition, claimant was found eligible for disability insurance benefits under the Social Security Act beginning in March of 1968. The Court's finding of disability was based on an allegation of deformity of chest, arthritis, degenerative disc disease, and duodenal ulcer. The bulk of the medical evidence submitted deals with the claimant's lung condition in relation to his war injury. A 1968 chest x-ray of claimant found his lungs to be normal. A 1972 chest x-ray was read as negative for pneumoconiosis. Even claimant's treating physician reports that between 1947 and 1963, the claimant was treated for chest pains and chronic bronchitis which this physician attributes to the claimant's shrapnel

wound, and his diagnosis of the claimant's condition is traumatic pleurisy.

In view of the foregoing, the Court must conclude that there is substantial evidence to support defendant's determination, and thus defendant's motion for summary judgment should be granted.