**Royal SMITH**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare.**

**Civ. A. No. 74–855.**

United States District Court,
W. D. Pennsylvania.

May 12, 1975.

■■■■■■■■■■■■■■■

———◆———

Joseph P. Moschetta, Washington, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., for defendant.

## OPINION

GOURLEY, Senior District Judge:

This is a complaint filed pursuant to the Social Security Act, 42 U.S.C.A. § 405 (g), to review a final decision of defendant denying plaintiff disability benefits. The immediate matter before the Court is defendant's motion for summary judgment.

If substantial evidence exists supporting the denial of disability benefits, the Secretary's determination must be affirmed. Gentile v. Finch, 423 F.2d 244 (3d Cir. 1970). Having reviewed the entire record, the Court must conclude that there is substantial evidence to support the action taken by defendant; and accordingly, the defendant's motion should be granted.

The record reveals that plaintiff is 71 years of age and has completed six years of school. The plaintiff entered the coal mining industry in 1919 at the age of 18. From 1919 to 1927, plaintiff worked as a handloader. From 1927 to 1959, plaintiff operated a coal cutter. Plaintiff is presently receiving $150 per month from Miner's Pension, $188 per month from Social Security retirement, and $100 per month State Black Lung benefits.

Plaintiff alleges total and permanent disability due to pneumoconiosis. Claimant testified he has breathing problems which prevent him from sleeping at night, climbing steps, and walking distances. Claimant's son testified that his father has breathing problems and gets breathing attacks. At the hearing the medical report of Dr. C. Charles Iannuzzi was submitted, whereupon he concluded from an examination of plaintiff on November 14, 1971, that the plaintiff is totally and permanently disabled due to coal workers' pneumoconiosis and that this condition is the result of his exposure to dirt while working in the coal mines. Also submitted by claimant was a letter from a Dr. Peterson, who stated that although he has none of his records, he does remember treating claimant between 1954 and 1958 for repeated bouts of acute and chronic bronchitis superimposed on chronic emphysema.

All of these conditions were considered and properly evaluated by defendant not to be disabling. The record reveals that on August 12, 1970, approximately twelve years after claimant stopped working in the mines, an x-ray was taken at the Centerville Clinic, Fredericktown, Pennsylvania. The reading from Dr. George A. Kunkle, a radiologist, revealed that an examination of the chest in the PA projection demonstrates the lungs to be clear; the cardiac shadow normal; and negative chest, category O. This same x-ray was given a roentgenographic interpretation on February 15, 1971, where it was reported that there was an absence of observed pneumoconiosis. In March of 1971, Dr. Don G. Soxman, an internist with a specialty of cardiovascular diseases, reported claimant's x-rays showed no pneumoconiosis and that his pulmonary function studies were not valid due to claimant's failure to follow instructions. In January of 1972, Dr. B. J. Wadhwani reported that his pulmonary function studies of claimant were invalid because claimant was not breathing fast enough on both parts of the test. Dr. Harry A. Goldstone, an internist, reported claimant's diagnosis as of July, 1973, as diastolic hypertension, treated cerebral infarction with right hemiplegia, no respiratory disease, and chest x-ray of 1971 normal. Dr. Edwin J. Kamons, a general practitioner, in a report dated August 31, 1973, diagnosed claimant as having pulmonary fibrosis and hypertensive cardiovascular disease with right hemiparesis. The record fur-

ther reveals that claimant's left hand is completely deformed due to an injury in 1940 and that the claimant suffered a stroke in February of 1960, which severely limited his motion on his right side.

The Court is convinced that in light of all the evidence submitted, the determination by the Secretary was correct. Very simply stated, plaintiff has not met his burden of proof to establish that his medical problems separately or in combination are disabling. Bittel v. Richardson, 441 F.2d 1193 (3d Cir. 1971).

In view of the foregoing, the Court must conclude that there is substantial evidence to support defendant's determination, and thus defendant's motion for summary judgment should be granted.

An appropriate order is entered.