**James A. PANZONE, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of the United States Department of Health, Education and Welfare, Defendant.**

Civ. A. No. 74–974.

United States District Court, D. Pennsylvania.

June 9, 1975.

Kenneth J. Yablonski, Washington, Pa., for plaintiff.

Craig R. McKay, Pittsburgh, Pa., for defendant.

OPINION

GOURLEY, Senior District Judge:

This is a complaint filed pursuant to the Social Security Act, 42 U.S.C.A. § 405(g) to review a final decision of defendant denying plaintiff disability benefits. The immediate matter before the court is defendant's Motion for Summary Judgment.

If substantial evidence exists supporting the denial of disability benefits, the Secretary's determination must be affirmed. *Gentile v. Finch*, 423 F.2d 244 (3rd Cir., 1970). The court has afforded the parties a full and complete hear-

ing and has considered the record, the briefs and argument of counsel. Based thereon, the court must conclude that there is substantial evidence to support the action taken by defendant, and accordingly defendant's motion should be granted.

The record reveals that plaintiff, born in 1907, completed seven (7) years of school. Plaintiff has worked in nations underground coal mines for more than thirty (30) years, performing various jobs such as a loader and mechanic. The record further reveals that from 1969 up until he retired, the plaintiff worked as a laborer with the State Highway Department.

Plaintiff alleges total and permanent disability due to pneumoconiosis. At the hearing before the Administrative Law Judge, the claimant testified to persistent shortness of breath, difficulty walking up steps or hills, problem sleeping at night, coughing and expulsion of sputnum, and the inability to perform his household chores. Claimant also submitted the statement of Dr. M. Bastacky who read a chest x-ray of claimant taken on October 27, 1971 and February 11, 1972 as being compatible with pneumoconiosis. In addition, claimant introduced the statement of Dr. C. Charles Iannuzzi who after interpreting a June 23, 1972 x-ray of claimant and conducting a pulmonary functions study, concluded that the claimant is permanently and totally disabled due to pneumoconiosis.

All of these conditions were considered and properly evaluated by defendant not to be disabling. An x-ray of claimant on August 18, 1970 was read negative for pneumoconiosis by a certified reader of coal miners chest x-rays by the National Institute of Occupational Safety and Health of the Public Health Service. The x-rays of claimant of October 27, 1971, from which Dr. Bastacky read as evidencing coal workers pneumoconiosis was found to be unreadable by another certified reader, Dr. Jacobson. The February 11, 1972 chest x-ray reading found by Dr. Bastacky to be compatible with pneumoconiosis, was twice read negative for pneumoconiosis by two other certified readers, Drs. Gordonson and Weinstein, both of whom are Board-certified radiologists. There was also testimony from Dr. Phillip R. Levine, a Board-certified internist and certified reader who read the x-rays of claimant of October 27, 1971 and February 11, 1972 as negative for pneumoconiosis. Dr. Levine attributed the positive reading of the February 11, 1972 film to over-reading due to the fact that the claimant is a big man with a thick chest, and normal lung markings therefore appear prominent. Dr. Levine also attributed the positive reading of the June 23, 1972 film due to "underpenetration" of the x-ray. In addition to Dr. Iannuzzi's pulmonary functions studies from which he concluded claimant was totally disabled, there were three (3) other pulmonary functions studies performed on claimant all of which showed plaintiff's $FEV_1$ exceeding the values set forth in the table thereby not entitling plaintiff to the presumption of total disability. The record further reveals that there is no indication that claimant ever received medical treatment for a respiratory or lung condition.

In view of the foregoing, the court is of the opinion that plaintiff has not established presumption of pneumoconiosis. The court must also conclude that there is substantial evidence to support defendant's determination, and thus defendant's Motion for Summary Judgment should be granted.

An appropriate Order is entered.