**Mike KARPOFF, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of the United States Department of Health, Education and Welfare, Defendant.**

Civ. A. No. 74–1187.

United States District Court,
W. D. Pennsylvania.

June 26, 1975.

Kenneth J. Yablonski, Washington, Pa., for plaintiff.

Craig R. McKay, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

*OPINION*

GOURLEY, Senior District Judge.

This is a complaint filed pursuant to the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of defendant denying plaintiff disability benefits. The immediate matter before the court is defendant's Motion for Summary Judgment.

█ If substantial evidence exists supporting the denial of disability benefits, the Secretary's determination must be affirmed. *Gentile* v. *Finch*, 423 F.2d 244 (3rd Cir. 1970). Having reviewed the entire record, the court must conclude that there is substantial evidence to support the action taken by defend-

ant, and accordingly, the defendant's motion should be granted.

The record reveals that plaintiff is sixty-three years of age and has completed seven years of school. Plaintiff worked in the coal mines for thirty-five years beginning in 1930 at the age of nineteen, and last worked in the mines in 1965. Plaintiff worked mostly at the face of the mine where the coal is produced performing various jobs such as hand loader, coaler and machine operator. Plaintiff stopped working in the mine in 1965 because the mine was ready to discontinue operation and claimant was not able to continue working because of shortness of breath.

Plaintiff alleges that he is totally and permanently disabled due to pneumoconiosis. Plaintiff testified that he has shortness of breath; that he is unable to walk up steps or light grades; that he has a problem sleeping at night and cough coupled with the production of mucus. Plaintiff further alleges that he used to hunt, fish and tend a garden but is no longer able to do so because of his breathing condition. Claimant also presented the medical report of Dr. C. Charles Iannuzzi who based his report on a physical examination, x-ray and pulmonary function studies. The chest x-ray he examined showed small nodular opacities in all six lung fields, and classification was coal worker's pneumoconiosis, UICC, 1/1. In addition, a July 6, 1971 x-ray was read as compatible with pneumoconiosis by Dr. M. Bastacky, a Board-certified radiologist.

All of these conditions were considered and properly evaluated by defendant not to be disabling. The record reveals that claimant had a complete medical examination on June 9, 1969, by Dr. Robert Schwartz of the Centerville Clinic. Findings on physical examination included that claimant was a well developed and nourished individual who did not appear acutely or chronically ill, chest was symmetrical, and lungs were clear. The report mentioned chest x-ray and pulmonary function test in June 1966 were normal. The diagnosis did not include any reference to a breathing impairment. Dr. Schwartz's final report of claimant on May 8, 1971, did not contain any mention of any breathing impairment. As to the July 6, 1971 x-ray, which Dr. Bastacky concluded to be consistent with coal worker's pneumoconiosis—1, subsequent readings by Dr. P. S. Wheeler and Dr. Joseph C. Furnary represented the reading as negative for pneumoconiosis. Dr. Wheeler is a radiologist certified as a reader of coal miners' x-rays by the National Institute of Occupational Safety and Health, Public Health Service, and Dr. Furnary is a certified radiologist.

Although Dr. Iannuzzi reported regarding the March 15, 1975 x-ray the classification of coal worker's pneumoconiosis UICC, 1/1, a subsequent reading by Dr. Thompson, a certified reader, was reported negative for pneumoconiosis. Dr. John Bonessi, who specializes in occupational medicine, reported that he examined plaintiff on June 15, 1971, and last examined him on April 11, 1973. He reported that when he first attended claimant, he complained of bursitis in his elbow and when seen on December 2, 1972, claimant complained of left flank pain. Dr. Bonessi stated that he never treated claimant for any respiratory impairment.

There were two pulmonary functions studies performed on claimant by Dr. B. J. Wadhwani on August 2, 1971 and January 25, 1973. These tests were apparently complete and both of which showed plaintiff's $FEV_1$ exceeding the values set forth in the tables thereby not entitling plaintiff to the presumption of total disability. The pulmonary function studies performed by Dr. Iannuzzi did not show $FEV_1$ and MVV values. Likewise the data furnished is not supported by information, including the cooperation and efforts by claimant.

■ In view of the foregoing, the court is of the opinion that plaintiff has not established the presumption of pneumoconiosis. The court must also con-

**810**

clude that there is substantial evidence to support defendant's determination, and, therefore, defendant's Motion for Summary Judgment should be granted.

An appropriate Order is entered.