Marie D. PALMER, Appellant,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education & Welfare.

No. 14694.

United States Court of Appeals Third Circuit.

Argued April 13, 1964.

Decided July 17, 1964.

Walter M. Strine, Jr., Media, Pa., for appellant.

Stephen B. Swartz, Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Drew J. T. O'Keefe, U. S. Atty., Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before BIGGS, Chief Judge, HASTIE, Circuit Judge, and KIRKPATRICK, District Judge.

KIRKPATRICK, District Judge.

This appeal is from a summary judgment for the defendant entered by the District Court in an action brought pursuant to 42 U.S.C. 405(g) to review a final decision of the Secretary of Health, Education and Welfare denying the plaintiff old age insurance benefits.

Mrs. Palmer, the plaintiff, a widow, has resided with her brother from 1951 until the present time in a house of which each owns an undivided one-third interest. Since 1955 her brother has been making monthly payments of $50.00 to her. The plaintiff claims that these payments were "wages" under the Social Security Act and were paid under an arrangement by which she was "employed" by him as a domestic servant. Both she and her brother testified that it was their intention to create a bona fide employer-employee relationship.

The Secretary did not accept their testimony on that point. He was not bound to, although it was undisputed. What he found to be the fact was that their real intention was no different from what it had been all along, before wages were thought of, namely, "to mutually share a comfortable home, and to share the expenses connected therewith." His finding that such was the intention of the parties obviously negates any idea of a relationship of master and servant.

Section 405(g) provides that, "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *" in any action to review a final decision of

the Secretary made after a hearing to which he was a party. This court has no authority or jurisdiction to do anything but follow the plain mandate of the statute, and our sole function in this case is to determine whether the record discloses substantial evidence to support the Secretary's finding of the true nature of the relationship. Whether we agree with the correctness of the Secretary's finding has been made immaterial by the Statute. A court may not displace an administrative body's "choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Universal Camera Corp. v. Labor Board, 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456.

■ In determining the substantiality of evidence to support an administrative decision, it is neither needful nor proper to deal with the evidence piecemeal. The court must view the question in the light which the record in its entirety furnishes. In a case like the present the entire picture presented by the history and circumstances of the relationship of the parties is to be considered.

Mrs. Palmer's husband died in 1944, after which event she resided with her father, mother and brother until the deaths of her parents in 1950 and 1951. During that time she took care of the home (the same house in which she and her brother live) without any compensation other than room and board, because, as she testified, "I had sufficient with that $1400 to do anything for myself." Her reference was to an income which she had from private investments. Her activities about the house were no different after her parents' deaths than they had been before, and they remained exactly the same after she made the alleged agreement of employment with her brother in 1955. Until that date (at which time she was advised by someone in the local Social Security Office that she might qualify for old age insurance benefits if she became an employee of her brother), she never received or asked for money compensation. Both before and after 1955, she and her brother had both contributed to the expenses of the household, she paying the real estate taxes while her brother paid for supplies, repairs, etc.

A good deal of the argument presented to the court had to do with the question whether the brother had the right to control and direct his sister in her work. It is true that the Regulation provides that an employer-employee relationship "generally" exists where there is a right to control the manner in which the work is to be done as well as the result to be accomplished. However, while that may be a satisfactory test in cases involving industrial relations or in which parties are dealing at arms length, it is, in the nature of things, almost impossible to apply to a family relationship and, therefore, of very little value in the case of a brother and sister, elderly people, living together in mutual trust and affection and engaged in maintaining a home, each contributing some share of household duties and expenses. In the present case there is no suggestion that the matter of control was ever thought of. If in such a case it would be unrealistic to give controlling weight to a "right of control" test, it is little less than absurd to talk about the right of a brother to "discharge" his sister—mentioned in the Regulation as another important factor. At any rate, the hearing examiner whose findings were adopted by the Secretary found that the brother "neither exercised nor had the right to control and direct the claimant as to the details and means by which she performed her various duties * * *"

■ The entire record in this case affords ample evidence to support the finding of the Secretary that no genuine employment relationship was entered into or contemplated by Mrs. Palmer and her brother and that the payments made by him were not wages within the meaning of the Social Security Act.

The judgment of the District Court, therefore, will be affirmed.