Anne M. SULLIVAN, Plaintiff,

v.

Robert H. FINCH, Secretary, Department of Health, Education and Welfare, Defendant.

Civ. A. No. 69–917.

United States District Court, W. D. Pennsylvania.

Feb. 12, 1970.

Thomas A. Swope, Swope & Swope, Ebensburg, Pa., for plaintiff.

Douglas D. McBroom, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

JOHN L. MILLER, District Judge.

The plaintiff, Anne M. Sullivan, filed an application for the establishment of a period of disability and for disability insurance benefits under Sections 216 (i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§ 416(i), 423, on March 6, 1968, alleging that she became unable to work on October 9, 1966, and that while she has worked since that date, she is totally and permanently disabled within the provisions of the Social Security Act, as amended. Her application was denied and a request for reconsideration made by her was also denied. Upon plaintiff's request, a hearing was had before a Hearing Examiner of the Bureau of Hearings and Appeals, Social Security Administration, who also denied plaintiff's claim. On July 23, 1969, the Appeals Council of the Social Security Administration affirmed the Hearing Examiner's decision.[1]

Plaintiff instituted this action pursuant to Section 205(g) of the Act, as amended, 42 U.S.C. § 405(g) and petitions this Court to set aside the defendant's order denying the plaintiff's application for the establishment of a period of disability and for disability insurance benefits. The defendant moved for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.

On review, the Court has the "power to enter upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." 42 U.S.C. § 405(g). Accordingly, we are limited to ascertaining whether on the whole record there is substantial evidence to support the Secretary's findings.

"This court has no authority or jurisdiction to do anything but follow the plain mandate of the statute, and our sole function in this case is to determine whether the record discloses substantial evidence to support the Secretary's finding * * *. Whether we agree with the correctness of the Secretary's finding has been made immaterial by the Statute. A court may not displace an administrative body's 'choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.' " Palmer v. Celebrezze, 334 F.2d 306, 308 (3 Cir. 1964).

Born October 19, 1910, plaintiff graduated from high school and acquired fourteen credits of college courses. After terminating her formal education, the plaintiff spent two summers as a counsellor in a Girl Scout camp. (Tr. 52) In 1931, she became a lifeguard and swimming instructor. (Tr 53) Up to 1938, she was employed as a playground supervisor and instructor. (Tr.

---

1. In affirming the Examiner's decision, his findings of fact became the findings of fact of the Secretary under Section 205 of the Act. Hodgson v. Celebrezze, 312 F.2d 260, 261 (3 Cir. 1963), citing Goldman v. Folsom, 246 F.2d 776, 778 (3 Cir. 1957).

53, 54) From 1938 to 1957, she was a physical education instructor at several schools including a term of thirteen years as director of physical education at Mount Mercy College and Our Lady of Mercy Academy. (Tr. 55) In 1958, she started her own riding academy on a part-time basis and also worked as an executive secretary for the Somerset County Chapter of the Red Cross, (Tr. 62) Secretary to the owner of Seven Springs (Tr. 63) and part-time worker in the classified advertising section of the Somerset Daily American. (Tr. 63)

In 1964, she commenced to operate her riding academy on a full-time basis (Tr. 64) and on October 9, 1966, she closed the riding academy as a result of the automobile accident (Tr. 65) from which she claims her disability resulted. Plaintiff claims that subsequent to the accident she has been unable to engage in substantial gainful employment as provided in the Act.

The Hearing Examiner found *inter alia:*

"The claimant's impairment consists of post-operative status following removal of the right patella.

"The claimant's impairment has been of a sufficient degree of severity to have precluded her from engaging in her previous occupations, in any work of a heavy or arduous nature, and in work requiring long periods of walking or standing.

"The claimant has had the physical and mental capacity to engage in many other forms of substantial gainful activity of a light and/or sedentary nature, examples of which were cited by the vocational expert and a vocational specialist of the State Bureau of Rehabilitation." (Tr. 42)

The evidence indicates the plaintiff is able to ambulate, stand for periods up to two hours, (Tr. 81) and drive an automobile up to fifty miles at a time without any discomfort. (Tr. 82) That sub-

sequent to her accident, she worked as a sales clerk for Kaufman's Department Store from June, 1967 to March, 1968. (Tr. 65–77) In May, 1969, she accepted a position as Casework Assistant I with the Butler County Board of Assistance. (Tr. 199–205)

The Vocational Expert testified that the plaintiff functioned in a superior range of intelligence with excellent verbal skills. He also stated that she was able to perform jobs such as: check writing machine operator, trainee in accounts payable and receivable, telephone answering service operator, telephone operator, assembly type jobs and clerical and bookkeeping work. (Tr. 89–92)

Plaintiff by her own admission had worked in a classified advertising department of a newspaper as well as other jobs which would appear to be consonant with her present limitation.

■ However, plaintiff seeks to impeach the Vocational Expert's testimony on the grounds that she has applied for some of the jobs which were indicated she could perform but was rejected because of her age.

Section 223(d) (2) (A) of the Act provides:

"an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work * * *." 42 U.S.C. § 423(d) (2) (A), 1964 Ed. Supp. IV.[2]

2. Subsection (d) (2) (A) was added by Section 158(b) of the Social Security Amendment of 1967, Pub.L. 90–248; 81

Stat. 821 (U.S.Code, Cong. & Adm.News, 1967, pp. 923, 982).

In Wright v. Gardner, 403 F.2d 646 (7 Cir. 1968), the Court was quite clear on this very point in stating: "The 1967 Amendments * * * make it clear, however, that a claimant for insurance benefits under the Act is not disabled within the meaning of the statute merely because he would not actually be hired for such work. (Citing statute)" 403 F.2d 647

This position has been reaffirmed by the majority of the Circuit Courts of Appeals as well as in a most recent opinion from our Circuit. Gentile v. Finch, 423 F.2d 244 (3 Cir., filed February 3, 1970).

In light of the above and the fact that she is now presently employed, we cannot upon a review of the record as a whole, find any reason to disturb the Secretary's determination.

## ORDER OF COURT

And now, to-wit, this 12 day of February, 1970, it is hereby ordered and directed that the motion of the defendant for summary judgment be and the same is hereby granted.