Edwin H. CAFFEE, Plaintiff,

v.

Robert FINCH, Secretary of Health, Education and Welfare, Defendant.

No. 6557.

United States District Court,
W. D. Kentucky,
at Louisville.

March 15, 1971.

———◆———

Robert W. Hensley, Legal Aid Society, Louisville, Ky., for plaintiff.

George J. Long, U. S. Atty., Louisville, Ky., for defendant.

MEMORANDUM AND ORDER

BRATCHER, District Judge.

This is an action under Section 205 (g) of the Social Security Act, 42 U.S.C. Section 405(g) to review a final decision of the Secretary of Health, Education and Welfare, based on his application of June 28, 1968, that the plaintiff was not entitled to a period of disability or disability insurance benefits under the provisions of Sections 216(i) and 223 of the Social Security Act.

The plaintiff has filed a motion for a summary judgment or, in the alternative, a motion to remand. The defendant has filed a motion for a summary judgment.

The function of the District Court in reviewing Social Security cases is to examine the entire record to determine if the decision of the Secretary is supported by substantial evidence and, if so, the Court must render judgment for the

Secretary even if it would have reached a different position on hearing the case de novo. Substantial evidence has been held to mean such relevant evidence as a reasonable man might accept as adequate to support a conclusion. See Palmer v. Celebrezze, 3rd Cir., 334 F.2d 306 (1964) and Miracle v. Celebrezze, 6th Cir., 351 F.2d 361 (1965).

The hearing examiner found that claimant's troubles leading to what he believes to be his disabling condition result from overindulgence in alcohol, and that the evidence failed to establish any physical or mental impairment that would prevent the claimant from doing the former work that he has always performed, if he would abstain from drinking.

It was further decided that:

"The evidence fails to establish that the claimant's impairments, considered singularly or in combination, have prevented him from engaging in substantial gainful activity for any continuous period beginning on and prior to the date of this decision which has lasted or can reasonably be expected to last for a continuous period of not less than 12 months at any time on and prior to the expiration date of his special earnings requirements, which was March 31, 1965."

Finally, the examiner concluded that:

"The claimant was not under a 'disability' as defined in the Social Security Act, as amended, commencing at any time on and prior to the expiration date of his special earnings requirements, which was March 31, 1965."

■■ It is axiomatic that alcoholism normally does not constitute "disability" within the meaning of the Social Security Act. Here there was substantial evidence to support the finding of the hearing examiner that the claimant had failed to prove that:

"He was unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which could be expected to result in death or be of long continued and indefinite duration or which had lasted, or could be expected to last, for a continuous period of at least twelve months."

See Osborne v. Cohen, 6th Cir., 409 F. 2d 37 (1969) and Roberts v. Gardner, 4th Cir., 396 F.2d 501 (1968).

Now to be considered is the plaintiff's motion to remand this case to the hearing examiner for further proceedings.

■ The plaintiff strongly urges that this case should be remanded to the Secretary in order to consider medical evidence which would change his decision. The evidence supposedly involves medical records from Western Kentucky State Hospital prior to March 31, 1965, and also a psychological examination and an internal organ study. First the plaintiff has not convinced this Court what these medical records contain and how they would alter the final decision of the hearing examiner. In fact, the plaintiff indicates that such records are unobtainable. Without more convincing proof than this, the plaintiff's argument on this point is without merit.

As to the psychological exam and internal organ study, there is nothing presented to this Court whatsoever that would indicate that such exam would alter the "final decision" of the Secretary. The medical evidence presented at the hearing was sufficient on which the hearing examiner could base his decision. There is nothing presented to illustrate that the taking of additional evidence would be fruitful to plaintiff's position. See Deskins v. Ribicoff, 232 F.Supp. 211 (S.D.W.Va., 1964).

The only other contention that merits any comment is the fact that the claimant was not represented by counsel at his hearing although he had been previously advised that an attorney could represent him.

Claimant was duly notified of his right to have an attorney represent him at the hearing (T.R. pp. 16, 17). Plaintiff was not prevented from availing

himself of counsel, and the choice to be without counsel was surely no one else's decision but his own.

Here there is no showing that the plaintiff was denied a fair opportunity to be heard. He was given a full opportunity to present his evidence and he was not prejudiced by counsel's absence. See Meola v. Ribicoff, 207 F. Supp. 658 (S.D. New York, 1962).

Wherefore, plaintiff's motion for summary judgment or, in the alternative, for a motion to remand are overruled and dismissed. Defendant's motion for summary judgment is sustained and granted, and it is ordered that this action be dismissed against the defendant.