Leonard **HOFACKER**, Plaintiff,

v.

Caspar **WEINBERGER**, Secretary of Health, Education and Welfare, Defendant.

No. 73 Civ. 4358.

United States District Court, S. D. New York.

Sept. 28, 1974.

Katherine M. Hannigan, New York City, for plaintiff.

Paul J. Curran, U. S. Atty., S. D. N. Y., by Samuel J. Wilson, Asst. U. S. Atty., New York City, for defendant.

## OPINION

ROBERT L. CARTER, District Judge.

This action is brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Secretary of Health,

574

Education and Welfare which denied plaintiff's application for payment of disability benefits. Plaintiff moves for summary judgment under Rule 56, Fed. R.Civ.P., and the government moves for summary judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P., and 42 U.S.C. § 405(g).[1]

On April 4, 1972, plaintiff filed his application with the Social Security Administration for establishment of a period of disability and for disability insurance benefits as provided under Sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i), 423.[2] His application alleged that as of July 12, 1971, by reason of an injury requiring surgery for a herniated lumbar disc, he had become unable to work and remained so disabled. The application was initially denied and again denied on reconsideration, in both instances by the Bureau of Disability Insurance of the Social Security Administration.

Plaintiff requested a hearing, and on March 27, 1973, a hearing *de novo* was held before an administrative law judge. The administrative law judge found that plaintiff had been disabled from July 4, 1971, until March, 1973, and was entitled to disability insurance benefits from December, 1971, through May, 1973. The Appeals Council of the Social Security Administration on its own motion reviewed the administrative law judge's decision, as it is entitled to do pursuant to 20 C.F.R. § 404.-947, and on August 16, 1973, reversed the administrative law judge's finding. It held that plaintiff had been disabled from July 12, 1971, until May 1, 1972, and that since the latter date plaintiff was capable of sedentary to light work

activities and could do machine tending and light bench jobs. The decision of the Appeals Council constitutes the final decision of the Secretary in this matter. Plaintiff instituted the present action on October 17, 1973, seeking a review of the Secretary's decision.

At the time he sustained the injury which is the basis of his disability claim, plaintiff had passed the examination for a high school equivalency diploma and was employed as a truck driver for the Romac Meat Corporation, in which capacity he lifted heavy loads of meat being delivered to various stores on his route. Prior to this job he had worked as a laborer and carpenter. On June 2, 1971, he injured his back while unloading his truck. Between June 2 and June 8, 1971, he was absent from work. He resumed work on June 8, but on July 12, 1971, stopped working altogether due to back pain.

On June 4, 1971, plaintiff saw Dr. Anthony M. Soscia, a general practitioner, who diagnosed his injury as "abrasion of the right arm, contusion of the lumbar sacral area, sprain of the paravertebral muscles of the back." Dr. Soscia then referred plaintiff to Dr. Joseph C. Polifrone, a specialist in neurological surgery, who saw plaintiff for the first time on September 30, 1971. His initial examination revealed "a lumbar radiculitis involving the L5 and S1 dermatone." A myelogram conducted by Dr. Polifrone on October 4, 1971, disclosed a "herniated lumbar disc in the L5–S1 interspace" which the surgeon decided required surgical excision. Dr. Polifrone performed a laminectomy on October 28, 1971 in two interspaces "in the L4–5 and L5–S1 interspaces with removal of

1. 42 U.S.C. § 405(g) provides, in pertinent part:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow . . . .. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing . . . ."

2. 42 U.S.C. § 416(i) and § 423 define "disability" and "period of disability," and indicate who are eligible for disability payments, and the procedures they must follow in filing for and collecting same.

herniated lumbar discs." Dr. Polifrone reported that the patient "did fairly well" and plaintiff was discharged from the hospital on November 5, 1971.

In a letter dated May 18, 1972, Dr. Polifrone reported to the Cosmopolitan Insurance Company that he had been following the patient in his office post-operatively and "he seems to be doing very well;" that on a visit January 7, the patient complained of right leg lower extremity verdicular pain for which valium was prescribed; that on a visit January 21, the plaintiff had the same complaint and was fitted for a back brace; that on a visit February 7, 1972, plaintiff said the pain had decreased; that on March 20, plaintiff still reported pain and on May 1, 1972, plaintiff "had dull right low back pain only, and occasional leg pain otherwise the patient has improved and is doing very well." Thereafter, he reported to the New York State Department of Social Services, Bureau of Disability Determinations that plaintiff "can't do sit-down job, can can do light work, alternate standing. Lift 20 pounds."

In his final report of March 9, 1973, Dr. Polifrone reported that plaintiff's complaints of pain persisted, and described him as totally disabled.

On January 25, 1972, Dr. Soscia examined plaintiff at the instance of the New York State Division of Vocational Rehabilitation. Dr. Soscia reported that plaintiff could walk, stand and reach without limitation and could kneel, push and pull with limitation but could not stoop or lift. He was also seen by a Dr. Kenneth L. Bloom, a psychiatrist, and given a series of intelligence tests. Dr. Bloom concluded that plaintiff had the capacity to master high level skills such as those utilized for an accounting clerk, draftsman, data processing technician or electronics technician.

In May, 1972, plaintiff began a course in architectural drafting which was satisfactorily completed in March, 1973. At the time of the March 27, 1973 hearing, plaintiff reported that he had found employment as a draftsman and could begin work on April 2, 1973. The plaintiff and his wife testified at the hearing, and the various reports of his medical history were made a part of the record. Arthur J. Bierman, an independent vocational expert, also testified at the hearing. The burden of his testimony was that there were a number of jobs which plaintiff could perform with some training such as laboratory technician, electronics technician, clerical worker, claims adjuster and insurance underwriter.

■ In providing for judicial review of final decisions made by the Secretary, 42 U.S.C. § 405(g) mandates that the findings of the Secretary as to any fact, including fair inferences and conclusions therefrom, Levine v. Gardner, 360 F.2d 727, 730 (2d Cir. 1966); Dvorak v. Celebrezze, 345 F.2d 894 (10th Cir. 1965), shall be conclusive if supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420 (1971). The substantial evidence criterion has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion [citation omitted]." Id., at 401, 91 S.Ct. at 1247. Since "[t]he equities as well as the more technical construction and application of the statute depend upon the facts," Adams v. Flemming, 276 F.2d 901, 902 (2d Cir. 1960), the facts in each case are determinative.

■■ The burden is on the plaintiff in this case to establish that he was disabled for a period of at least twelve months duration from engaging in gainful employment by reason of any medically determinable, physical or mental impairment. See Franklin v. Secretary, HEW, 393 F.2d 640 (2d Cir. 1968); DeNafo v. Finch, 436 F.2d 737 (3d Cir. 1971); Reyes Robles v. Finch, 409 F.2d 84 (1st Cir. 1969). The mental or physical disabling impairment alone is not sufficient; it must be established by the claimant that the impairment has caused an inability to engage in any substantially gainful employment for at least

twelve months. *See* Gotshaw v. Ribicoff, 307 F.2d 840 (4th Cir. 1962), cert. denied, sub nom., Heath v. Celebrezze, 372 U.S. 945, 83 S.Ct. 938, 9 L.Ed.2d 970 (1963).

 The function of the court is not to reweigh the evidence but to determine whether there is substantial evidence to support the Secretary's findings. Miscannon v. Finch, 432 F.2d 88 (3d Cir. 1970); Cross v. Finch, 427 F.2d 406 (5th Cir. 1970); Rocker v. Celebrezze, 358 F.2d 119 (2d Cir. 1966). Resolution of conflicts in the evidence including medical opinion are matters solely within the province of the Secretary. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971); Bertamini v. Railroad Retirement Board, 440 F.2d 278 (D.C. Cir. 1971); Vineyard v. Gardner, 376 F.2d 1012 (8th Cir. 1967). Whether the court agrees with the correctness of the Secretary's determination is beside the point; it cannot displace the administrative body's choice between two fairly conflicting views even though the court might have reached a different conclusion. Palmer v. Celebrezze, 334 F.2d 306 (3d Cir. 1964).

The court is required to scrutinize the whole record to determine whether the Secretary's findings have rational support in the evidence relied upon, and if reliance is placed on one portion of the record in disregard of overbalancing evidence to the contrary, the court may then interfere with the Secretary's conclusion. *See* Branch v. Finch, 313 F.Supp. 337 (D.Kan. 1970). There is no basis in this record for such interference. Except for Dr. Polifrone's final report where he described the plaintiff as totally disabled, all other evidence points to plaintiff's being able to perform, not the heavy work which he customarily did before the accident, but light sedentary work. The Secretary is not bound by the physician's ultimate conclusion of disability. Mullen v. Gardner, 256 F.Supp. 588, 590 (E.D.N.Y. 1966); Hall v. Celebrezze, 238 F.Supp. 153 (E.D.Ky. 1963).

As I noted above, the plaintiff started taking a course in architectural drafting in May, 1972. This required him to attend classes six hours a day. He completed the course in March, 1973, and has thereby raised the level of his employable skills. While he is to be congratulated in taking steps to improve his work capabilities, his ability to do so is in itself substantial support for the Secretary's finding.

Accordingly, plaintiff's motion for summary judgment must be denied, and the government's motion for judgment on the pleadings must be granted.

So ordered.