Frank SPATOLA, Plaintiff,

v.

DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Defendant.

No. 73 Civ. 2370.

United States District Court,
S. D. New York.

March 29, 1977.

Frank Spatola, pro se.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for defendant by Kent T. Stauffer, Asst. U. S. Atty., Borge Varmer, Regional Atty., Region II, Dept. of Health, Ed. and Welfare, New York City.

## OPINION

ROBERT L. CARTER, District Judge.

This is another of the numerous actions brought before this court seeking judicial review of the Secretary of HEW's final determination that the claimant is not entitled to any disability insurance benefits. The action is brought pursuant to 42 U.S.C. § 405(g). Defendant has now moved pursuant to F.R.Civ.P. 12(c) for judgment on the pleadings.

The standard in such a case is a familiar one. As the court stated in *Hofacker v. Weinberger,* 382 F.Supp. 572 (S.D.N.Y. 1974):

> "In providing for judicial review of final decisions made by the Secretary, 42 U.S.C. § 405(g) mandates that the findings of the Secretary as to any fact, including fair inferences and conclusions therefrom, shall be conclusive if supported by substantial evidence. . . . The function of the court is not to reweigh the evidence but to determine whether there is substantial evidence to support the Secretary's findings." 382 F.Supp. at 575–76. [citations omitted].

*See Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Bishop v. Weinberger,* 380 F.Supp. 293 (E.D.Va.1974).

 If the court finds that the Secretary's determination is supported by substantial evidence in the record,[1] the matter is ended. Having thoroughly examined the record, however, I have serious doubts whether that is the case here. I am disturbed by the Secretary's apparent failure to appraise realistically plaintiff's ability to perform substantial gainful activity in light of (1) plaintiff's almost total inability to speak English (conceded by the Government at oral argument) and (2) the necessity that plaintiff interrupt work every "hour or so" by exercising, or fall victim to stasis (see testimony of Dr. Cohen, who testified as medical advisor, Tr. p. 53).

The administrative judge and the HEW Bureau of Appeals appear to have placed great weight on the testimony of Dr. Sidney Fishman, a vocational expert. At the administrative hearing Dr. Fishman recited a litany of jobs which the plaintiff could perform. Dr. Fishman described the above positions as allowing "customarily one formal break in the morning and one in the afternoon when the individual can routinely walk away from the job and do some minor exercise." Tr. p. 69. Dr. Fishman, and the

---

1. Substantial evidence has been defined as such "relevant evidence as a reasonable mind might accept as adequate to support" the con-

clusion reached. *Gardner v. Bishop,* 362 F.2d 917, 919 (10th Cir. 1966).

administrative judge, apparently felt that these jobs would provide sufficient breaks to allow plaintiff his necessary exercise.

I fail to see how such a conclusion could have been rationally reached. One break in the morning and one in the afternoon is nothing like a break every hour or so, and by the testimony of the medical advisor would thus appear inadequate to prevent stasis. Furthermore, in listing those jobs which were suitable for plaintiff, Dr. Fishman appears not to have considered plaintiff's language handicap. Yet, it is clear that in this society a non-English speaking individual will face significant difficulties in finding employment, even as an unskilled laborer. These difficulties are further compounded when the individual suffers from the various other serious physical and mental problems facing plaintiff.

Accordingly, the court remands this case to the Secretary in order that he may reconsider the import of the matters discussed above. Although it is my belief that plaintiff has established a disability under the Act, this order does not preclude the Secretary from disagreeing upon reconsideration of the facts.

▮ In reconsidering his conclusion in this case, however, the Secretary should bear in mind that the Social Security Act is to be liberally construed in favor of a party seeking its benefits. *See, e. g., Davidson v. Gardner,* 370 F.2d 803 (6th Cir. 1966); *Dvorak v. Celebrezze,* 345 F.2d 894 (10th Cir. 1965). In particular the Secretary is directed to read the words "any substantial gainful activity" as used in § 423(d)(1)(A) of the Act in light of what is reasonable and not merely what is theoretically possible. *See Huneycutt v. Gardner,* 282 F.Supp. 405 (M.D.N.C.1968); *Branch v. Finch,* 313 F.Supp. 337, 341 (D.Kan.1970).

IT IS SO ORDERED.