Sarah LEVOS, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

No. 80 Civ. 1619 (KTD).

United States District Court,
S. D. New York.

April 21, 1981.

Klein, Wagner & Morris, P. C., New York City, for plaintiff; Richard Morris, New York City, of counsel.

John S. Martin, Jr., U. S. Atty., S. D. N. Y., New York City, for defendant; Thomas D. Warren, Asst. U. S. Atty., Frank V. Smith, III, Regional Atty., Julia T. Reed, Asst. Regional Atty., New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

This is an action brought under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final determination of the Secretary of the Department of Health and Human Services ["the Secretary"] denying plaintiff's application for a period of disability and disability benefits under the Social Security Act, 42 U.S.C. § 301 et seq. Both plaintiff and defendant have moved for judgment on the pleadings pursuant to 42 U.S.C. § 405(g) and Fed.R.Civ.P. 12(c).

Plaintiff Sarah Levos is 57 years old and lives alone. She is a high school graduate and has attended some college courses. From 1974 to 1979, she was employed as a legal secretary for the J. C. Penney Company. Prior to that she worked for many years as a secretary and typist with experience in filing, answering telephone and taking shorthand. On March 2, 1979, at the age of 54, Ms. Levos left her job at J. C. Penney Company, complaining of intense pain and discomfort in her wrists, arms, back and legs, in addition to severe anxiety and depression. She has not returned to work since that time.

Ms. Levos filed an application for disability and disability insurance benefits in July, 1979, alleging that she became unable to work on March 2, 1979, at age 54. The application was initially denied by the Secretary in a determination dated August 13, 1979. Upon reconsideration, the application was denied by the Bureau of Disability Insurance of the Social Security Administration which found that plaintiff was not under a disability. Ms. Levos then requested a hearing. On December 4, 1979, the Administrative Law Judge ["ALJ"], Wallace Tannenbaum, considered the case de novo, and on December 18, 1979, found that plaintiff was not under a disability. The ALJ's decision became the final decision of the Secretary when the Appeals Council adopted the decision on February 1, 1980.

At the hearing, evidence was introduced and testimony, including expert medical testimony, was heard on the subject of Ms. Levos' disability. The medical evidence revealed that she has required treatment for tendonitis of both wrists, a lumbosacral instability and "agitated depression." The ALJ found, however, that "[c]laimant's impairment does not significantly limit her ability to perform basic work-related func-

tions." He concluded that Ms. Levos is not under a "disability" as required under the Social Security Act to qualify for disability insurance benefits. Accordingly, plaintiff's application was denied.

In this action, I am asked to review the final decision of the Secretary. The administrative law judge is vested with the duty to consider the evidence and resolve conflicts in the evidence, including divergent medical opinions. *Hofacker v. Weinberger*, 382 F.Supp. 572, 576 (S.D.N.Y. 1974). An administrative determination that a claimant is not entitled to disability benefits must be sustained so long as the findings are supported by substantial evidence. 42 U.S.C. § 405(a); *see Richardson v. Perales*, 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971). This court may not substitute its judgment for that of the administrative law judge. *Palmer v. Celebrezze*, 334 F.2d 306 (3d Cir. 1964); *Hofacker v. Weinberger, supra.*

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. at 401, 91 S.Ct. at 1427 (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). In the present case, it appears that there is substantial evidence to support the Secretary's ruling.

The medical evidence presented at the hearing indicates that Ms. Levos suffers from many of the physical infirmities she has complained of. However, there is no clinical findings of a serious functional impairment. Section 223 of the Social Security Act, 42 U.S.C. § 423, defines "disability" as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

For a physical or mental impairment to be a disability within the meaning of the Social Security Act, it must cause functional limitations which preclude plaintiff from engaging in any substantial gainful activity. *See Mann v. Richardson*, 323 F.Supp. 175 (S.D.N.Y.1971). The administrative law judge found that Ms. Levos is not disabled and found that she remains capable of engaging in substantial gainful activity consistent with her past experience and education. This conclusion is consistent with the reports of three physicians who treated Ms. Levos. One physician, Dr. Davidson, who had been treating Ms. Levos for several years, concluded in a report dated August 1, 1979, that although she is incapable of returning to her position as a typist, "[s]he is capable of performing gross and fine movements." This diagnosis would permit her to perform many duties required by jobs available in the general economy. Also, as the ALJ stated that at the evidentiary hearing, Ms. Levos did not appear to be debilitated or in pain.

The plaintiff has submitted on her motion for judgment on the pleadings a report by a psychiatrist, Dr. Schulman, dated September 23, 1980. Dr. Schulman examined Ms. Levos nearly ten months after the hearing before the ALJ. This psychiatric report is not inconsistent with the reports of the three examining doctors which were available to the ALJ. The psychiatrist report describes plaintiff's mental condition in greater detail, however, than was hitherto available. It concludes that Ms. Levos is fully disabled by an "anxiety neurosis" condition that is unlikely to improve with psychotherapy or medication.

The ALJ had before him medical reports which diagnosed Ms. Levos as suffering from "agitated depression." Apparently, the ramifications, if any, of this condition were not presented to the ALJ nor were any further evaluations. If the ALJ had the benefit of Dr. Schulman's report, he may have changed the focus of his inquiry into Ms. Levos' claim, including the possibility of requesting additional psychiatric evaluations or even asking additional questions of Ms. Levos that focused on her mental state. Thus, it appears the ALJ should have the opportunity to pass on this addi-

tional piece of evidence. Accordingly, this case is remanded to the Secretary.

SO ORDERED.